# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3459

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| James Patrick Little, also known | * | [UNPUBLISHED] |
| as Jay, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 18, 2000

Filed: April 14, 2000

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

After reserving his right to challenge the warrantless search of his vehicle, James
Little entered a conditional plea of guilty to a charge of being a felon in possession of
a weapon, a violation of 18 U.S.C. § 922(g)(1), and was sentenced to 60 months'
imprisonment and three years of supervised release. Little appeals, contending that the
district court erred in denying as moot his motion to suppress the evidence discovered
during the search rather than by entering findings of fact or conclusions of law

regarding the motion or by adopting the findings set forth in the magistrate judge's report and recommendation.

Citing United States v. Bloomfield, 40 F.3d 910, 913-15 (8th Cir. 1994) (en banc), the government contends that by accepting Little's guilty plea the district court implicitly adopted the magistrate judge's findings of fact and conclusions of law and that in any event any reasonable view of the evidence will support the district court's decision, thus rendering a remand for findings unnecessary. In Bloomfield, however, the district court had made some explicit factual findings, though not covering all aspects of the facts giving rise to its conclusion that the stop and seizure was based upon reasonable suspicion. We concluded that because a reasonable view of the overall evidence supported the district court's decision, no remand for additional findings of fact was necessary.

Here, on the other hand, we have no findings of any kind by the district court. Accordingly, we conclude that the case must be remanded for the entry of findings of fact and conclusions of law with respect to Little's motion to suppress.

The judgment is vacated, and the case is remanded to the district court for further proceedings in accordance with this opinion.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-